UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELEK US HOLDINGS, INC.,<br><br>7102 Commerce Way<br>Brentwood, TN 37027,<br><br>*Plaintiff*,<br><br>v.<br><br>MICHAEL S. REGAN, *in his official capacity as Administrator of the United States Environmental Protection Agency*,<br><br>1200 Pennsylvania Avenue N.W.<br>Washington, DC 20460,<br><br>and<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>1200 Pennsylvania Avenue N.W.<br>Washington, DC 20460<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT** |

Plaintiff Delek US Holdings, Inc. ("Delek US") brings this Complaint against Defendants Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), and the United States Environmental Protection Agency, and alleges as follows:

**PRELIMINARY STATEMENT**

1. This citizen suit is an action to compel the Administrator to perform his non-discretionary duty to grant or deny petitions for a small refinery hardship exemption under the

Renewable Fuel Standard ("RFS") of the Clean Air Act ("CAA"), 42 U.S.C. § 7545(o), within the ninety-day timeline mandated by that statute. *See id.* § 7545(o)(9)(B)(iii).

2. On or around November 26, 2019, four small refineries currently owned by Delek US filed petitions for small refinery exemptions pursuant to 42 U.S.C. § 7545(o)(9)(B). EPA failed to issue a decision on those four petitions within the ninety-day time period mandated by the statute, 42 U.S.C. § 7545(o)(9)(B)(iii).

3. Delek US provided notice of its intent to bring suit against the Administrator for failing to decide the small refinery exemption petitions within 90 days on February 26, 2020. Over a year has passed since the Administrator received Delek US's notice of intent to bring this lawsuit, which EPA posted on its public website on or around March 5, 2020. The Administrator has, however, still failed to grant or deny the four petitions EPA received on or around November 26, 2019.

4. Accordingly, Delek US seeks a declaration that the Administrator is in violation of the Clean Air Act, an order compelling the Administrator to grant or deny the pending petitions expeditiously and by a date certain, and granting Delek US's costs for bringing this action.

## PARTIES

5. Plaintiff Delek US Holdings, Inc., is a Delaware corporation with a principal place of business at 7102 Commerce Way, Brentwood, Tennessee 37027.

6. Delek US is a "person" within the meaning of 42 U.S.C. § 7602(e).

7. Defendant Michael S. Regan is the Administrator of the United States Environmental Protection Agency. The Administrator is responsible for implementing the Clean Air Act, including the requirement under the Act's Renewable Fuel Standard to grant or deny

petitions for small refinery hardship exemptions within 90 days.  Administrator Regan is sued in his official capacity.

8. Defendant United States Environmental Protection Agency is an agency of the federal government.

## JURISDICTION AND VENUE

9. This action arises under the Clean Air Act, § 211, 42 U.S.C. § 7545(o).  This court has jurisdiction over Delek US's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331 and 1361.  The Court also has authority to order declaratory and injunctive relief under 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

10. Delek US provided written notice of its claim to the Administrator by letter dated February 26, 2020 (the "notice letter").  The notice letter notified the Administrator that Delek US intended to initiate a lawsuit under the citizen suit provisions of 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2-.3 to remedy the Administrator's Clean Air Act violation.  A true and correct copy of the notice letter is attached hereto as Exhibit A.

11. The Administrator received Delek US's notice of intent to sue on or around March 5, 2020, when EPA posted the notice on its public website.  *See* EPA, Programs & Projects of the Office of General Counsel, *Notices of Intent to Sue the U.S. Environmental Protection Agency (EPA)* (posted Mar. 5, 2020), https://www.epa.gov/sites/default/files/2020-03/documents/lion_oil_noi_02262020.pdf (last visited Aug. 20, 2021).

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1).  On information and belief, the Administrator, sued in his official capacity, resides in this district.  Additionally, a substantial part of the events or omissions giving rise to Delek US's claims occurred in this district.  The effects and burdens of the Defendants' failure to act also arise from this district.

**FACTS**

13. Under the RFS, "most domestic refineries" in the United States must "blend a certain amount of ethanol and other renewable fuels into the transportation fuels they produce." *See HollyFrontier Cheyenne Refin., LLC v. Renewable Fuels Assoc.*, 141 S. Ct. 2172, 2175 (2021). EPA and the Administrator oversee this requirement and administer the RFS program. *See* 42 U.S.C. § 7545(o).

14. The RFS statute provides that a small refinery may petition for an extension of a temporary exemption from the RFS requirements if the RFS obligations will create a disproportionate economic hardship for the small refinery in the year for which the exemption is requested. *See id.* § 7545(o)(9)(B)(i).

15. Congress provided a mandatory deadline for the Administrator to decide whether to grant or deny a small refinery's petition for a hardship exemption. Under 42 U.S.C. § 7545(o)(9)(B)(iii), "[t]he Administrator *shall act* on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the date of receipt of the petition" (emphasis added).

16. Delek US is a parent company of Lion Oil Company ("Lion Oil"), which operates the El Dorado Refinery ("El Dorado"); Alon USA, LP, which operates the Big Spring Refinery ("Big Spring"); Alon Refining Krotz Springs, Inc., which operates the Krotz Springs Refinery ("Krotz Springs"); and Delek Refining, Ltd. ("Delek Refining"), which operates the Tyler Refinery ("Tyler").

17. El Dorado, Big Spring, Krotz Springs, and Tyler (together, the "Delek small refineries") are each refiners and manufacturers of petroleum products in the United States and therefore subject to annual RFS obligations.

18. On or around November 26, 2019, Delek US submitted to EPA a petition on behalf of each of the Delek small refineries for an exemption for each small refinery's obligations under the RFS for the 2019 compliance year.

19. Each small refinery's petition documented how compliance with the RFS obligations would create a disproportionate economic hardship for that small refinery.

20. On information and belief, EPA received the Delek small refineries' petitions on or around November 26, 2019.

21. Under the statute, the Administrator's deadline to act was February 24, 2020, but the Administrator did not take any action on the petitions by that time. Indeed, the Administrator still has not acted upon the petitions.

22. As a result of the Administrator's failure to grant or deny the Delek small refineries' petitions, Delek US provided written notice of its claim and of its intent to initiate suit under 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2-.3 on February 26, 2020 (Ex. A).

23. The Administrator received Delek US's notice letter on or before March 5, 2020, when EPA posted the notice letter on EPA's public website. *See* https://www.epa.gov/sites/default/files/2020-03/documents/lion_oil_noi_02262020.pdf (last visited Aug. 20, 2021).

24. More than 500 days have passed since the Administrator received Delek US's notice of intent to initiate this suit. *See* 42 U.S.C. § 7604(b)(2). As of the date of the filing of this Complaint, however, the Administrator has not yet acted to grant or deny the Delek small refineries' petitions.

25. Delek US and its small refineries' interests have been, are being, and will continue to be damaged by the Administrator's failure to comply with the statutorily mandated

decision deadline.  The Administrator's failure to act also deprives Delek US of procedural rights and protections to which it is entitled. The Administrator's failure to act on the petitions may also deprive Delek US of the value of any such exemption given that the compliance deadline for 2019 is in November 2021.

26. The relief requested in this Complaint would redress Delek US's injuries.

### CLAIM FOR RELIEF – VIOLATION OF THE CLEAN AIR ACT

27. Delek US repeats and incorporates paragraphs 1 through 26 as if fully stated herein.

28. The Administrator had a mandatory, non-discretionary duty to grant or deny Delek US's petitions for small refinery hardship exemptions for the Delek small refineries within 90 days of receiving those petitions.  *See* 42 U.S.C. § 7545(o)(9)(B)(iii).

29. It has been more than 90 days since the Administrator received Delek US's petitions on or around November 26, 2019.

30. The CAA permits any person to bring a suit to compel the Administrator to perform his non-discretionary duties.  *See* 42 U.S.C. § 7604(a).

31. It has been more than 60 days since the Administrator received Delek US's notice of intent to initiate this suit under 42 U.S.C. § 7604(a).

32. As of the date of this Complaint's filing, the Administrator has not acted on Delek US's petition.

33. By failing to act, the Administrator has violated the Clean Air Act, 42 U.S.C. § 7545(o).  This failure to act constitutes a "failure of the Administrator to perform any act or duty" that "is not discretionary with the Administrator." *Id.* § 7604(a).

34. The Administrator's violation is ongoing and will continue unless remedied by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Delek US respectfully asks the Court to enter an order against the Administrator providing the following relief:

A. Declaring that the Administrator has violated the Clean Air Act by failing to grant or deny Delek US's petitions for small refinery hardship exemptions within 90 days of receiving the petition;

B. Compelling the Administrator to perform his mandatory duty to grant or deny Delek US's petitions for small refinery hardship exemptions expeditiously, and by a certain date;

C. Retaining jurisdiction over this matter until the Administrator complies with his mandatory and non-discretionary duty under the Clean Air Act;

D. Awarding costs and reasonable attorney fees to the extent permitted by law; and

E. Granting such other relief as this Court may deem just and proper.

Dated: August 20, 2021

Respectfully submitted,

/s/ Peter C. Whitfield
Peter C. Whitfield (D.C. Bar No. 984225)
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202) 736-8711
pwhitfield@sidley.com
*Counsel for Plaintiff Delek US Holdings Inc.*